# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALWINDER KAUR,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, et al.,<br><br>Respondents. | Case No. 1:26-cv-01290-JLT-SAB-HC<br><br>ORDER TERMINATING PETITIONER'S MOTION TO CONTINUE TO PROCESS PETITION<br><br>(ECF No. 11)<br><br>ORDER FOR SUPPLEMENTAL BRIEFING |

Petitioner is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**A. Motion to Continue to Process Petition**

On February 23, 2026, the Court received Petitioner's motion to continue to process petition. (ECF No. 11.) Therein, Petitioner states that shortly after Petitioner mailed his habeas petition to the Court his final order of removal to Canada was issued, so he decided to go to Canada and wrote to the Court to withdraw his petition. However, upon reflection, Petitioner has decided to continue to proceed with his habeas petition. (Id.) The Court notes that it never received any notice of withdrawal from Petitioner, and in light of Petitioner's motion, the Court will proceed with the petition for writ of habeas corpus.

**B. Supplemental Briefing**

In Ground One of the petition, Petitioner asserts that "there is not a significant likelihood Petitioner will be removed in the reasonably foreseeable future" and thus, her "continued

1

detention in ICE custody violates the Due Process Clause of the Fifth Amendment" under Zadvydas v. Davis, 533 U.S. 678 (2001). (ECF No. 1 at 14.) Respondents argue that "although Petitioner has been in immigration custody since January 23, 2025," "Petitioner's order of removal has only been final since January 9, 2026" and thus, has not "exceeded the presumptively reasonable six-month mark." (ECF No. 13 at 1–2.)

"In *Zadvydas,* the Court construed § 1231(a)(6) to mean that an alien who has been ordered removed may not be detained beyond 'a period reasonably necessary to secure removal,' and it further held that six months is a presumptively reasonable period." Jennings v. Rodriguez, 583 U.S. 281, 298–99 (2018) (internal citations omitted). However, "[m]ultiple district courts have found that the six-month presumption is rebuttable," Ndandu v. Noem, No. 3:25-CV-02939-RBM-MSB, 2026 WL 25848, at *3 (S.D. Cal. Jan. 5, 2026), and in the traverse, Petitioner alleges that she was informed that Canada[1] refused to accept Petitioner and that "they are re opening my case and I will be re scheduled for an Individual Hearing or CFI." (ECF No. 14 at 2.)

In Grounds Two and Three, Petitioner challenges Respondents' third country removal policies. (ECF No. 1 at 14–16.) Respondents argue: "If after the removal period, the government cannot remove Petitioner to Canada, she will be given notice and an opportunity to claim a fear of removal to any other country willing to accept her. However, given that the removal period has not expired, that circumstance is purely speculative." (ECF No. 13 at 2.) In the traverse, Petitioner alleges that she was informed that because Canada refused to accept Petitioner, "they will now be looking for a new country for me." (ECF No. 14 at 2.)

The Court finds that supplemental briefing addressing the traverse's additional allegations will be helpful to the Court. Accordingly, the Court HEREBY ORDERS that:

1. Petitioner's motion to continue to process petition (ECF No. 11) is TERMINATED.

2. Within **twenty-one (21) days** of the date of service of this order, Respondent SHALL FILE a supplemental response addressing: (1) whether Petitioner has rebutted the six-month presumption; (2) whether Canada has refused to accept Petitioner; (3) what actions

---

[1] Petitioner was ordered removed to Canada. (ECF No. 13-1 at 10.)

2

have been and are being taken in pursuing Petitioner's removal to Canada; and (4) what actions have been and are being taken in pursuing Petitioner's removal to a third country.

3. Within **fourteen (14) days** of the date of service of Respondent's supplemental response, Petitioner MAY FILE a reply.

IT IS SO ORDERED.

Dated:    **April 21, 2026**

STANLEY A. BOONE
United States Magistrate Judge

3