# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALWINDER KAUR,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, et al.,<br><br>Respondents. | Case No. 1:26-cv-01290-JLT-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS AND DIRECT RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER<br><br>ORDER DENYING PETITIONER'S MOTIONS TO APPOINT COUNSEL<br><br>(ECF Nos. 17, 18) |

Petitioner is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

Petitioner is a citizen of India who arrived in the United States at or near the U.S.–Canada border on or about January 22, 2025 and was apprehended. That same day, the Department of Homeland Security ("DHS") instituted removal proceedings through issuance of a notice to appear alleging removability pursuant to section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"). On January 9, 2026, an immigration judge ("IJ") denied Petitioner's applications from relief and ordered Petitioner removed to Canada. Petitioner and the government both waived appeal. (ECF No. 13-1.)

On February 13, 2026, Petitioner filed the instant petition for writ of habeas corpus, arguing that her detention exceeds the 90-day removal period set forth in 8 U.S.C. § 1231(a) and violates the due process principles articulated in Zadvydas v. Davis, 533 U.S. 678 (2001), and challenging Respondents' third county removal policy. (ECF No. 1.) Respondents filed an answer, and Petitioner filed a traverse. (ECF Nos. 13, 14.)

On March 18, 2026, DHS filed a motion to reopen Petitioner's removal proceedings for consideration of Petitioner's asylum claim because "Canadian authorities have indicated to DHS that they are unwilling to accept the [Petitioner] into Canada." (ECF No. 16-1 at 2.[1]) As of August 5, 2026, the immigration court has not ruled on the government's motion to reopen removal proceedings. (ECF No. 20 at 1.) Per the Court's orders, Respondents have filed supplemental briefs. (ECF Nos. 15, 16, 19, 20.)

## II.

## DISCUSSION

### A. Zadvydas

In Ground One of the petition, Petitioner asserts that "there is not a significant likelihood Petitioner will be removed in the reasonably foreseeable future" and thus, her "continued detention in ICE custody violates the Due Process Clause of the Fifth Amendment" under Zadvydas v. Davis, 533 U.S. 678 (2001). (ECF No. 1 at 14.)

An intricate statutory scheme governs the detention of noncitizens during removal proceedings and after a final removal order is issued. "Where an alien falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008). "Four statutes grant the Government authority to detain noncitizens who have been placed in removal proceedings: 8 U.S.C. §§ 1225(b) ('Section 1225(b)'), 1226(a) ('Subsection A'), 1226(c) ('Subsection C'), and 1231(a) ('Section 1231(a)')." Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023). "Section 1231(a)

[1] Page numbers refer to ECF page numbers stamped at the top of the page.

applies to detention after the entry of a final order of removal" and "governs detention during a ninety-day 'removal period' after the conclusion of removal proceedings." Avilez, 69 F.4th at 530–31. "After entry of a final removal order and during the 90–day removal period . . . aliens must be held in custody." Zadvydas, 533 U.S. at 683 (citing 8 U.S.C. § 1231(a)(2)).

> A special statute authorizes further detention if the Government fails to remove the alien during those 90 days. It says:
>
> > "An alien ordered removed [1] who is inadmissible ... [2] [or] removable [as a result of violations of status requirements or entry conditions, violations of criminal law, or reasons of security or foreign policy] or [3] who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to [certain] terms of supervision ...."

Zadvydas, 533 U.S. at 682 (quoting 8 U.S.C. § 1231(a)(6) (1994 ed., Supp. V)).

In Zadvydas v. Davis, two noncitizens, who had been ordered removed but whose removal could not be effectuated due to lack of a repatriation treaty or because their designated countries refused to accept them, challenged their prolonged detention under 8 U.S.C. § 1231(a)(6), which governs detention beyond the ninety-day removal period. Applying the canon of constitutional avoidance because a "statute permitting indefinite detention of an alien would raise a serious constitutional problem," the Supreme Court "read an implicit limitation into" § 1231(a)(6) and held that the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." Zadvydas, 533 U.S. at 689. Thus, after a presumptively reasonable "6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id. at 701. "And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." Id. "This 6–month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Id.

Petitioner's order of removal became final on January 9, 2026, and the six-month presumptively reasonable period has lapsed. See 8 U.S.C. § 1231(a)(1)(B)(i) ("The removal period begins on the . . . date the order of removal becomes administratively final."); 8 C.F.R. § 1241.1(b) ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final . . . Upon waiver of appeal by the respondent[.]").

Respondents have conceded that "the government is no[t] likely to remove Petitioner to Canada in the reasonably foreseeable future" and "[t]herefore, under the unique circumstances of this case, a bond hearing before an immigration judge may be appropriate." (ECF No. 16 at 2.) The Court ordered Respondents to provide legal authority that "supports their argument that a bond hearing, rather than release pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001), is the appropriate remedy." (ECF No. 19 at 2.) In response, Respondents state:

> Although Respondents recognize that *Zadvydas v. Davis*, 533 U.S. 678 (2001), provides for release on an Order of Supervision under somewhat analogous circumstances, here, if the government's motion to reopen proceedings is granted, Petitioner will no longer be subject to a final order of removal.
>
> Accordingly, Respondents do not oppose a bond hearing before an immigration judge to determine whether the unique circumstances in this case require Petitioner's continued detention.

(ECF No. 20 at 2.)

"[I]f removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute. In that case, of course, the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions." Zadvydas, 533 U.S. at 699–700. See Alva v. Kaiser, No. 25-CV-06676-RFL, 2025 WL 2419262, at *3 (N.D. Cal. Aug. 21, 2025) ("[W]here a noncitizen does not leave or is not removed within the 90-day removal period, the individual, 'pending removal, shall be subject to supervision.' 8. U.S.C. § 1231(a)(3). As mandated by Congress, the default status after the 90-day removal period is therefore release on conditions, not detention. Noncitizens who are inadmissible, such as due to a prior reentry after removal, 'may be detained beyond the [90-day]

removal period,' but § 1231 does not mandate their detention."). The Court recognizes that there is a motion to reopen pending before the immigration court and that if it is granted Petitioner will no longer be subject to a final order of removal and § 1231(a)(6). However, the motion to reopen has been pending for almost five months and it is unclear if or when it will be granted. Meanwhile, Petitioner has detained beyond the presumptively reasonable six-month period. Accordingly, the Court recommends finding that Petitioner's continued detention is unreasonable and no longer authorized by 8 U.S.C. § 1231(a)(6)[2] and that Petitioner should be released on appropriate conditions.

**B. Third Country Removal**

In Grounds Two and Three, Petitioner challenges Respondents' third country removal policy. (ECF No. 1 at 14–16.) Respondents have submitted "that the government is taking no action to remove Petitioner to a third country" and that the "government no longer intends to remove Petitioner to Canada nor any other country until Petitioner's asylum claim is fully adjudicated." (ECF No. 16 at 2.) Accordingly, the Court recommends finding that Petitioner's third county removal claims are not ripe. See Gevorgyan v. Noem, No. 5:25-CV-03408-SRM-ADS, 2026 WL 20902, at *5 (C.D. Cal. Jan. 1, 2026) (finding "Petitioner's third-country removal claim is not constitutionally ripe" because officer "attests that ICE intends to remove him to Armenia and that no request for removal to a third country has been made," and "there is no evidence ... that suggests ICE intends to remove him to a country other than Armenia"); Uzzhina v. Chestnut, No. 1:25-CV-01594-DAD-SCR, 2025 WL 3458787, at *2 (E.D. Cal. Dec. 2, 2025) ("The court will deny without prejudice this request for temporary injunctive relief because the evidence before the court at this time is that respondents intend to remove petitioner to either Russia or Kazakhstan, not a third country.").

**C. Motions for Appointment of Counsel**

Petitioner has moved for appointment of counsel. (ECF Nos. 17, 18.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Chaney v.

[2] In light of the conclusion that Petitioner's continued detention is not authorized by statute, the Court declines to address whether Petitioner's continued detention violates the Due Process Clause.

Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, the Criminal Justice Act authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). In light of the Court's recommendation that the petition be granted, the Court will deny Petitioner's motions for appointment of counsel.

**III.**

**RECOMMENDATIONS & ORDER**

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED on Ground One; and
2. Petitioner be immediately released, subject to an order of supervision in accordance with 8 U.S.C. § 1231(a)(3) and 8 C.F.R. § 241.5.

Further, Petitioner's motions for appointment of counsel (ECF Nos. 17, 18) are DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.

///

///

///

Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 11, 2026**

STANLEY A. BOONE
United States Magistrate Judge